# MILLER v. KING, SUBSTITUTED FOR THE FIRST NATIONAL BANK OF FAYETTE, IDAHO.

### ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 153.   Argued January 22, 23, 1912.—Decided February 19, 1912.

While a national bank cannot act as trustee and hold land for third persons, under § 5136, Rev. Stat., it may do those acts that are usual and necessary in making collections of commercial paper and evidences of debt.

A national bank, under § 5136, Rev. Stat., may be assignee of a judgment to collect and distribute the amount thereof where the assignment is not made merely to enable it to sue in its own name.

Under the law of Oregon, a national bank holding a chose in action as trustee to collect and distribute may sue in its own name.

Quære: Whether any but the Government can raise the question that a national bank in acting as trustee violates § 5136, Rev. Stat. *Kerfoot* v. *Bank*, 218 U. S. 281.

53 Oregon, 53, affirmed.

THE facts, which involve the construction of § 5136, Rev. Stat., in regard to the extent of power of a national bank to act as trustee, are stated in the opinion.

*Mr. James H. Richards*, with whom *Mr. Oliver O. Haga* was on the brief, for plaintiff in error:

A national bank cannot act as trustee under an express trust.

The actions of the bank in this matter and the contract which it is pretended or claimed was entered into are clearly *ultra vires* and are not binding upon either the bank or the other parties to the contract. *Cent. Transp. Co.* v. *Pullman Car Co.*, 139 U. S. 24; *McCormick* v. *Market Nat. Bank*, 165 U. S. 538; *California Bank* v. *Kennedy*, 167 U. S. 362; *Louisville &c. R. R. Co.* v. *Louisville Trust Co.*,

174 U. S. 552; *Concord &c. Nat. Bank* v. *Hawkins,* 174 U. S. 364; *Bowen* v. *Needles Nat. Bank,* 94 Fed. Rep. 925; *Chemical Nat. Bank* v. *Havermale,* 120 California, 604; *Kerfoot* v. *Farmers' Bank,* 218 U. S. 281; *Citizens' Nat. Bank* v. *Appleton,* 216 U. S. 196.

The doctrine of *ultra vires* has been applied most rigidly to banks operating under the national banking act. *Logan County Bank* v. *Townsend,* 139 U. S. 67; *Merchants' National Bank* v. *Wehrmann,* 202 U. S. 295; *First National Bank* v. *Converse,* 200 U. S. 425.

It cannot be contended that the contracts entered into in this case come within such incidental powers as shall be necessary to carry on the business of banking. *Oregon Railway & Navigation Co.* v. *Oregonian Railway Co.,* 130 U. S. 1; *McCormick* v. *Market Nat. Bank,* 165 U. S. 538, 549.

Any contract or act of a national bank beyond the powers expressly conferred upon it by the statute or fairly implied therefrom and necessary in order to carry on the banking business, is *ultra vires* and void. Cases cited *supra* and *Commercial Nat. Bank* v. *Pirie,* 82 Fed. Rep. 709; *Farmers' & Merchants' Nat. Bank* v. *Smith,* 77 Fed. Rep. 129; *McCrory* v. *Chambers,* 48 Ill. App. 455; *Weckler* v. *First Nat. Bank,* 42 Maryland, 581; *First Nat. Bank* v. *Ocean Nat. Bank,* 60 N. Y. 278; *Wiley* v. *First Nat. Bank,* 47 Vermont, 546; *Third Nat. Bank* v. *Boyd,* 44 Maryland, 47; *Dresser* v. *Traders' Nat. Bank,* 165 Massachusetts, 120; *Lazear* v. *Nat. Union Bank,* 52 Maryland, 78; *Norton* v. *Bank,* 61 N. H. 589; *Cumberland &c. Co.* v. *Evansville,* 127 Fed. Rep. 187; *Davis* v. *Old Colony R. R. Co.,* 131 Massachusetts, 258.

An *ultra vires* contract is void; not merely voidable. When a contract is *ultra vires* as to one party to it, the other party to the contract may treat it as invalid. *Central Transp. Co.* v. *Pullman Car Co.,* 139 U. S. 24; *St. L. &c. Ry. Co.* v. *Terre Haute &c. Ry. Co.,* 145 U. S. 393; *Pittsburg &c.*

*Ry. Co.* v. *Keokuk &c. Co.*, 131 U. S. 371; *Jacksonville N. P. R. R. & M. Co.* v. *Hooper*, 160 U. S. 514, 515; 1 Page on Contracts, § 310.

No action can be maintained on an *ultra vires* contract. Cases *supra.* No action can be maintained by the bank based on an assignment which it had no authority to accept. *Ashbury* v: *Riche*, L. R. 7 H. L. 653; *McCormick* v. *Market Nat. Bank*, 165 U. S. 538; *De La Vergne Co.* v. *German Savings Institute*, 175 U. S. 40, 65; *Bosshardt* v. *Crescent Oil Co.*, 171 Pa. St. 120; *Thomas* v. *West. Jersey Ry. Co.*, 101 U. S. 71; *Penna. R. R. Co.* v. *St. L. &c. Co.*, 118 U. S. 290.

The revocation of the bank's authority revoked all authority which the bank had in the matter. *Taylor* v. *Burns*, 203 U. S. 120; 1 Clark & Skyles on Agency, §§ 157–162 and 433; *Frink* v. *Roe*, 30 California, 296, 309; 2 Ency. L. & P. 1249–1250.

The Federal question is in time if raised at or before the hearing in the higher state courts. *Kentucky Union Co.* v. *Kentucky*, 219 U. S. 140; *Sulley* v. *American National Bank*, 178 U. S. 289; *Rothschild* v. *Knight*, 184 U. S. 334; *Arrowsmith* v. *Harmoning*, 118 U. S. 194.

*Mr. Will R. King, in propria persona*, with whom *Mr. C. E. S. Wood* and *Mr. F. M. Saxton* were on the brief, for defendant in error:

This court has no jurisdiction. It does not appear from the record that a title, right, privilege or immunity was claimed under the Constitution, or a treaty, or a statute of or an authority exercised under the United States was set up in the state court and was passed upon adversely to plaintiff in error. *Zadig* v. *Baldwin*, 166 U. S. 485; *Sayward* v. *Denny*, 158 U. S. 180; *Harding* v. *Illinois*, 196 U. S. 78; *California Powder Works* v. *Davis*, 151 U. S. 389; *Schuyler Nat. Bank* v. *Bollong*, 150 U. S. 87; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238.

Where the provisions of the National Bank Act prohibit certain acts without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can. be questioned only by the United States and not by private parties. *Kerfoot v. Farmers' Bank*, 218 U. S. 281; *Union Nat. Bank v. Matthews*, 98 U. S. 621; *National Bank v. Whitney*, 103 U. S. 99; *Xenia First Nat. Bank v. Stewart*, 107 U. S. 677; *Thompson v. St. Nicholas Nat. Bank*, 146 U. S. 240; *Union G. Mining Co. v. Rocky Mt. Nat. Bank*, 96 U. S. 240; *Fortier v. New Orleans Nat. Bank*, 112 U. S. 439; *Logan County Nat. Bank v. Townsend*, 139 U. S. 77; *Reynolds v. Crawfordsville Nat. Bank*, 112 U. S. 405; 5 Fed. Stat. Ann. 83.

A national bank may engage in the business of collecting notes, bills of exchange, and other evidence of debt as an incident of the banking business although the authority is not expressly mentioned in the statute. *Mound City Paint Co. v. Commercial Nat. Bank*, 4 Utah, 353; *Logan County Nat. Bank v. Townsend*, 139 U. S. 67; *Keyes v. Hardin Bank*, 52 Mo. App. 323; *Hanson v. Heard*, 69 N. H. 190; *Newport Nat. Bank v. Board of Education* (Ky.), 70 S. W. Rep. 186; *Yerkes v. Nat. Bank*, 69 N. Y. 386; *White v. Third Nat. Bank*, 7 Ohio Dec. 666; *Prescott v. Nat. Bank* (Mass.), 32 N. E. Rep. 909.

A national bank may act as trustee of an express trust. *Kerfoot v. Farmers' Bank*, 218 U. S. 281, 287; *National Bank v. Matthews*, 96 U. S. 621.

Rev. Stat., § 5136, contains no prohibition against a national bank taking a judgment for collection and accepting an assignment thereof for that purpose.

The Federal court will look beyond the Federal question only when it has been decided erroneously and then only to see whether there are any other matters adjudged by the state court sufficiently broad to maintain the judgment. *McLaughlin v. Fowler*, 154 U. S. 663; *Waters-*

*Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 99; *Thompson* v. *St. Nicholas Nat. Bank*, 146 U. S. 240.

Questions of fact will not be reviewed on a writ of error from this court to the highest court of a State. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 99; *Eagan* v. *Hart*, 165 U. S. 188; *Clipper M. Co.* v. *Eli M. Co.*, 194 U. S. 220; *Kerfoot* v. *Farmers' Bank*, 218 U. S. 281, 288.

MR. JUSTICE LAMAR delivered the opinion of the court.

Miller, the plaintiff in error, was the attorney of Helmick in an action against Porter. The judgment obtained in that suit was assigned by Helmick to the First National Bank of Fayette, Idaho, which executed an instrument reciting that it would hold any money collected subject to the order of Helmick. At the time of making the assignment Helmick gave verbal instructions to pay part of the money when collected to Lauer. The bank placed the judgment in the hands of Miller, who collected the money, and, claiming to act as attorney for Helmick, paid over the proceeds to the Moss Mercantile Company, which asserted that the cause of action had been transferred to it prior to the rendition of the judgment. The bank thereupon brought suit against Miller for the recovery of the money thus collected by him and paid over to a third party. The defendant answered, denying that the bank had title; alleging that it had paid no consideration for the transfer; that it was intended to defraud creditors; setting up that Helmick had revoked the assignment and had given Miller a release. There was, however, no claim that the charter of the bank prevented it from taking the transfer or prosecuting the suit.

There were several trials of the case, and ultimately, with the consent of Helmick and Lauer, the bank assigned the judgment to King. He was substituted as plaintiff, and recovered a judgment against Miller. The case was

taken to the Supreme Court, where it was contended that a national bank could not act as trustee of an express trust so as to be able to institute and maintain a suit under the statute of Oregon, which provides that the trustee of an express trust may sue without joining the person for whose interest the action is prosecuted. The judgment was affirmed, and no Federal question is presented in the writ of error here except on the theory that, under Revised Statutes, § 5136, a national bank could not act as trustee of an express trust, and that therefore the suit was absolutely void, and could not proceed to judgment in the name of the substituted plaintiff.

A national bank cannot act as a technical trustee and hold land for the benefit of third persons. It cannot, for example, act as trustee under a railroad mortgage, nor take title to property to be held for the life of the grantor, with remainder to his children. Every such transaction would be voidable at the instance of the Government. *Kerfoot* v. *Farmers' Bank*, 218 U. S. 281. But under Revised Statutes, § 5136, "it may exercise all such incidental powers as shall be necessary to carry on banking," and it may therefore act as a fiduciary and occupy a trust relation in matters connected with that business. It may do those acts and occupy those relations which are usual or necessary in making collections of commercial paper and other evidences of debt. It is both usual and proper for the legal title to negotiable instruments to be vested in a bank by mere endorsement for purposes of collection, holding the proceeds as the endorser directs. There is no difference in law if the title is conveyed by a lengthier and more formal instrument. In both cases the bank takes the legal title for the purpose of demand and collection. In a proper case, there is no reason why it might not go further and institute suit thereon in its own name for the recovery of what may be due. If the transfer was made, or the suit was being maintained, for purposes not

authorized by the charter of the bank, and if the defendant was in a position where his rights were prejudiced thereby, it would be incumbent on him to raise that defense at the outset of the litigation, or as soon as he learned that fact.

In this case the assignment was made in order that the bank might collect the money, pay part to Lauer, and, in effect, hold the balance on deposit to the credit of Helmick. The judgment was not transferred to the bank for the mere purpose of enabling it to bring suit in its own name. At the time of the transfer no suit was contemplated, and, indeed, none was necessary, because the money was immediately paid by Porter. Suit only became necessary when the amount collected by Miller was later improperly paid over by him to the Moss Mercantile Company. There was nothing in this transaction which was so disconnected with the banking business as to make it in violation of Rev. Stat. § 5136, even if the defendant could raise such question. *Kerfoot* v. *Bank*, 218 U. S. 281. The laws of Oregon permitted an action to be maintained by the bank in its own name. There is no Federal question before us which authorizes a reversal, and the judgment is
*Affirmed.*