[No. 23092. Department One. December 11, 1931.]

FIRST NATIONAL BANK OF TONASKET, *Respondent*, v. J. W. SLAGLE, *Appellant*.[1]

*H. N. Martin*, for appellant.

*Patterson & Davis*, for respondent.

TOLMAN, C. J.—By this action, the plaintiff sought recovery on a promissory note. Judgment was rendered in its favor in accordance with the prayer of its complaint. The defendant appeals from that judgment.

No statement of facts is brought to this court, and the transcript consists only of the complaint, an answer and cross-complaint, the judgment, the notice of appeal, and the bond on appeal.

Errors assigned are (1) the overruling of the demurrer to the complaint and overruling of objections to the introduction of testimony; (2) the directing of a verdict; and (3) rendering judgment on the verdict.

The record fails to show that any demurrer was ever filed or submitted to the court for a ruling; but, as-

[1] Reported in 5 P. (2d) 1013.

suming for present purposes that a demurrer was interposed and overruled, or that the question to be later discussed can be raised for the first time in this court, then we may consider one of the questions discussed in appellant's brief.

The complaint alleges:

"That the plaintiff is and was at all times herein mentioned a national banking corporation duly qualified to bring this action."

Rem. Comp. Stat., § 3842, among other things, provides:

"No corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due."

The preceding section of the statute, which is a part of the same act, plainly indicates that the legislature was dealing only with domestic corporations and foreign corporations having their articles on file in the office of the secretary of state. Hence the prohibition quoted refers only to such corporations.

In any event, the legislature has no power to so limit corporations organized under Federal laws and exercising powers granted by the Federal government. U. S. Code Annotated, Title 12, § 24, subdiv. 4.

The absence of any statement of facts prevents the consideration of any and all of the other matters embraced in the errors assigned.

The judgment is affirmed.

MITCHELL, PARKER, BEELER, and HERMAN, JJ., concur.