MICHAEL J. WALSH, Respondent, *v.* MICHAEL MAZZARIELLO, Appellant.

Supreme Court, Appellate Term, First Department, July 10, 1947.

434

*Irwin Slater* for appellant.

*Robert E. Lee* and *Edward Abbe Niles* for respondent.

HECHT, J. In this action to recover on three notes to the order of plaintiff's assignor, plaintiff (a clerk in the office of the assignor's attorneys) is the nominal assignee of the Boston and Albany Employèes Credit Union. The assignor (hereinafter referred to as the union or B & A) is a foreign corporation duly incorporated as a credit union under chapter 171 of the General Laws of the Commonwealth of Massachusetts. Its by-laws state that " all business of the credit union will be

transacted in Massachusetts ''; it never had a certificate of authority to do business in this State or a license issued by the Superintendent of Banks or of any other of our State departments or agencies.

For many years the union has made, and makes, loans of less than $300 to numerous residents of our State who are employees of the New York Central Railroad, for which. purpose it maintains offices at Albany and at the Grand Central Terminal and representatives at Harrison, North White Plains, Brewster and 125th Street.

The notes executed by defendant as well as all other notes, call for repayment interest at 6% being deducted in advance, together with a service charge of $2. In the event of delinquency all fines imposed plus 15% of the amount due, plus suit fee of $7.50 and interest of 1% a month on overdue balances are collected in addition. Each note contains an authorization to the employer, the railroad company, or any future employer, to deduct and pay to the union the payments stipulated to be made in the note itself, regardless of the earnings of the maker, even though he worked one or two days during the payroll period.

It is conceded that applicants appear at its New York office, for example, where the forms are kept and are filled out by borrowers with the assistance of the union employees; and it is claimed the papers are then mailed to Boston for approval, and if approved a check is made out for the noted loan and the check is picked up by the borrower at the New York office, where the application was made.

The execution and nonpayment of the notes is admitted. The answer sets up eleven separate defenses, six of which alleging invalidity of the assignment to plaintiff herein are not pressed on this appeal. That leaves for consideration the five defenses based upon certain provisions of the New York Banking Law and General Corporation Law.

The first defense pleads that B & A violates section 200 of the Banking Law. This provides that no foreign corporation shall transact, in this State, the business of making loans, or maintaining in the State any agency for carrying on such business, unless it shall have been licensed by the Superintendent of Banks. The Attorney-General of the State of New York has advised the superintendent that the statute does not indicate a legislative intention to impose such a licensing requirement upon a foreign banking corporation conducting a business like B & A. Such advice is, of course, not binding on this court. However, even if B & A does require a license under section

200 there is no provision in article V of the Banking Law (of which section 200 is a part) declaring that loans made by an unlicensed foreign banking corporation shall be void or unenforcible. It has been held in interpreting section 519, which is a similar provision prohibiting unlicensed foreign investment companies from doing business in this State, that any transaction entered into with such a company is, nevertheless, valid and enforcible by it (*Fosdick* v. *Investors Syndicate,* 266 N. Y. 130).

The sixth and tenth defenses plead violations by B & A of the provisions of article XI of the Banking Law relating to credit unions. It is true that B & A charges more than the rate of interest prescribed by that article but the article applies only to domestic and not to foreign credit unions; and further, article XI, like article V, contains no provision invalidating loans which violate its requirements.

The eighth defense pleads that B & A violates section 218 of the General Corporation Law, which renders unenforcible any contract made in this State by an unlicensed foreign corporation " other than a moneyed corporation ". Since B & A is a moneyed corporation, it would not be subject to this prohibition even if the contract were made in this State, though the language of the notes themselves and the issuance of the checks at Boston clearly indicate that the contracts were made in Massachusetts.

The eleventh defense pleads that B & A has violated article IX of the Banking Law, which deals with licensed lenders. Section 340 of that article reads as follows: " No person, co-partnership, association, or corporation shall engage in the business of making loans of money, credit, goods, or things in action in the amount or of the value of three hundred dollars or less and charge, contract for, or receive a greater rate of interest, discount, or consideration therefor than the lender would be permitted by law to charge if he were not a licensee hereunder except as authorized by this article and without first obtaining a license from the superintendent of banks."

Section 358 provides that any contract or loan made in violation of section 340 shall be void and unenforcible. Defendant contends that it could establish facts upon a trial which would indicate that B & A is engaged in business in this State. There is no need to direct a trial upon this issue because it is clear from the facts contained in plaintiff's affidavits that B & A is engaged in business in the State (*Hoopeston Co.* v. *Cullen,* 318 U. S. 313; see, also, opinion below *sub nom. Hoopeston Canning Co.* v. *Pink,* 288 N. Y. 291). The weakness in defendant's argu-

ment is that B & A does not " engage in the business of making loans of money * * * in the amount * * * of three hundred dollars or less ". B & A is engaged in the business of being a credit union, exactly like companies organized under article XI of the Banking Law except that it is organized under a similar statute in Massachusetts. It may not be argued that a domestic credit union violates section 340 even if all its loans were in the amount of $300 or less. No different result follows, in the case of a foreign credit union.

It is clear from the context of section 340 that its prohibition applies only to the business of licensed lending and not to the business of credit unions, whether domestic or foreign.

The last paragraph of section 357 of the Banking Law reads as follows: " No loan of the amount or value of three hundred dollars or less for which a greater rate of interest, consideration, or charges than is permitted by this article has been charged, contracted for, or received, wherever made, shall be enforced in this state and every person in anywise participating therein in this state shall be subject to the provisions of this article, provided that the foregoing shall not apply to loans legally made in any state which then has in effect a regulatory small loan law similar in principle to this article."

That paragraph has no application here because the affidavit of the general counsel for the Massachusetts Commissioner of Banks states that since 1898 said Commonwealth has had a regulatory small loan law similar in principle to article IX of our Banking Law, namely, chapter 140, sections 96–112 inclusive, of the General Laws of Massachusetts.

In his brief defendant urges a defense not pleaded in his answer — that the notes are invalidated by section 131 of the Banking Law.

The first paragraph of that section invalidates notes given to any association, institution or company which employs any part of its property or is interested in any fund employed for the purpose of receiving deposits, making discounts, receiving for transmission or transmitting money in any manner whatsoever, or issuing notes or other evidences of debt to be loaned or put into circulation. B & A is not engaged in any such business.

Plaintiff's judgment and order should be affirmed, with $10 costs.

HAMMER and EDER, JJ., concur.

Judgment and order affirmed, etc.