John H. Galloway, Jr., J.
This is a motion by the defendant for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], pars. 3, 7) on the ground that the plaintiff does not have legal capacity to bring this action, and that the complaint fails to state a cause of action. The plaintiff, a national bank *431 ing association, organized under the National Banking Act (U. S. Code, tit. 12 et seq.) and a citizen of the State of Connecticut, has sued to recover possession of a motor vehicle to which it claims title under a retail installment contract assigned to it by the seller of the automobile. The automobile was sold by the plaintiff’s assignor, a New York Corporation, to one Andrew Laura, now deceased, and from whom the plaintiff alleges the defendant Mary Laura received the automobile. There have been defaults in payments under the retail installment contract, and defendant Mary Laura has refused to return and deliver the automobile to plaintiff.
On this motion the defendant Mary Laura argues that the plaintiff is doing business in this State, but has failed to comply with the requirements of sections 210 and 218 of the General Corporation Law, by failing to obtain a certificate of authority to do business in this State, and that, therefore, the complaint should be dismissed. The motion must be denied.
Sections 210 and 218 of the General Corporation Law by their express provisions are not applicable to a national banking association because such an association is a “ moneyed corporation ”, which is specifically excepted from their requirements. Subdivision 6 of section 3 of the General Corporation Law defines a “moneyed corporation” as “ a corporation formed under or subject to the banking law or the insurance law ’ ’. The effect of such definition is that when the question arises in New York whether a foreign corporation is or is not a moneyed corporation, the question is to be determined by reference to the meaning given to the term by the New York Legislature or courts, rather than by reference to the' foreign State’s legislation (cf. Platt v. Wilmot, 193 U. S. 602; also, cf., Walsh v. Mazzarielo, 189 Misc. 433, wherein the Attorney-General was reported as having advised the Superintendent of Banks that these statutes do not indicate a legislative intention to impose a licensing requirement upon a foreign banking corporation).
In addition, since a national bank is brought into existence .under Federal legislation, it does not come within New York’s statutory requirements limiting the right of foreign corporations to sue (cf. Bank of America v. Lima, 103 F. Supp. 916, 918). Specific authority to institute such an action as this plaintiff brings is provided in the Federal National Bank Act (U. S. Code, tit. 12, § 24, subd. fourth). The authority of the Federal statute under which the plaintiff herein is operating is paramount to the New York statute. In any event, it is plain from the wording of sections 210 and 218 of the General Corporation Law that an exception from compliance with their *432 requirements thereunder in the ease of a moneyed corporation was intended. Were a contrary construction to be given to these statutes, in the. case of a national banking corporation, such statutes would be clearly unconstitutional (cf. Bank of America v. Lima, supra).
The cases referred to by the defendant, namely Aeroquip Corp. v. Berry (N. Y. L. J., June 11, 1964, p. 17, col. 4) and Conklin Limestone Co. v. Linden (22 A D 2d 63) are not in point since the foreign corporations there involved were not moneyed corporations, as are national banking associations.
It should be observed that by defendant’s attorney’s conclusory statements, wholly on information and belief and unsupported by any factual showing by one having knowledge of the facts, defendant fails to sustain her claims of plaintiff’s lack of legal capacity to sue and that the complaint fails to state a cause of action. Furthermore, OPLR 3211 (subd. [c]) does not contemplate a ‘ ‘ hearing ’ ’ other than the usual hearing had upon the return of the motion.
The motion to dismiss is, therefore, in all respects denied.