326 So.2d 802 (1976)
The INDIANA NATIONAL BANK
v.
Henry ROBERTS.
No. 48488.
Supreme Court of Mississippi.
February 17, 1976.
Yerger Morehead, Greenwood, for appellant.
Eaves & Eaves, Louisville, for appellee.
Before PATTERSON, ROBERTSON and SUGG, JJ.
ROBERTSON, Justice:
The Indiana National Bank, a national banking corporation organized under the laws of the United States, brought suit in the Circuit Court of Winston County against Henry Roberts to recover a balance of $400.42 due on a promissory note executed by Roberts to the Bank on September 1, 1971, and due twelve months after date.
Roberts filed a motion to dismiss on the ground that the Bank was a foreign corporation not qualified to do business in Mississippi and, therefore, not entitled to maintain this action. The lower court sustained the motion to dismiss and dismissed the suit.
The Bank assigns as error the dismissal of its suit. The Bank contends that it is a national banking corporation organized and existing under the laws of the United States and, therefore, not subject to the prohibition of Mississippi Code Annotated section 79-3-247 (1972), which section provides in part:
"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state."
The Bank is correct in its contention.
12 U.S.C. § 24 (1970) provides in part:
"Corporate powers of associations.
"Upon duly making and filing articles of association and an organization certificate a national banking association shall become, as from the date of the execution of its organization certificate, a body corporate, and as such, and in the name designated in the organization certificate, it shall have power 
......
"Fourth, To sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons." (Emphasis added).
Probably because this language is so clear and explicit, this Court has not been called upon to construe it. However, the *803 courts of some of our sister states have construed this language.
Unanimously, other state courts have held that a statute, similar to Mississippi's, prohibiting a foreign corporation not qualified to do business in the State from maintaining any action in any court of the State, does not apply to a national banking corporation. See State National Bank of Connecticut v. Laura, 45 Misc.2d 430, 256 N.Y.S.2nd 1004 (Westchester County Ct. 1965); Bank of America, National Trust & Savings Ass'n v. Lima, 103 F. Supp. 916 (D.C.Mass. 1952); First National Bank of Tonasket v. Slagle, 165 Wash. 435, 5 P.2d 1013 (1931). The United States Court of Appeals for the Ninth Circuit reached the same conclusion in Steward v. Atlantic National Bank of Boston, 27 F.2d 224 (1928).
The judgment of the lower court dismissing the action of the Bank is reversed and this cause remanded for a trial on the merits.
Reversed and remanded.
GILLESPIE, C.J., PATTERSON and INZER, P.J., and SMITH, SUGG, WALKER and BROOM, JJ., concur.