THE NEW YORK GUARDIAN MORTGAGEE CORPORATION, PLAINTIFF, v. HENRY T. DAVIS, III AND CHOM SUN DAVIS, HIS WIFE, DEFENDANT.

Superior Court of New Jersey
Chancery Division Cumberland County

Decided February 1, 1984.

444

*William M.E. Powers, Jr.,* for plaintiff.

*Linda T. Pirolli,* for defendant (*Theodore Henry Ritter,* attorney).

EDWARD S. MILLER, J.S.C.

This matter is before the court on defendant-mortgagors' motion to dismiss, without prejudice, plaintiff-mortgagee's foreclosure action pursuant to two sections of the Foreign Corporations Chapter of our Business Corporation Act, *N.J.S.A.* 14A:13–11 and *N.J.S.A.* 14A:13–20. These sections, respectively, bar the use of New Jersey courts by foreign corporations which have not obtained a certificate of authority to do business, under *N.J.S.A.* 14A:13–1 *et seq.* (hereinafter the authorization statute) or have not complied with the New Jersey Corporation Business Activities Reporting Act (hereinafter reporting act), *N.J.S.A.* 14A:13–15 *et seq.* Plaintiff is a wholly-owned operating subsidary of a New York national bank engaged in the servicing of mortgages for the bank and admits that it has no certificate of authority and has not complied with the reporting act.

The facts and procedural history are not complicated. In July 1981, defendants Henry T. Davis, III and his wife, Chom Sun Davis, purchased a home in Fairfield, Cumberland County, and executed a mortgage in favor of a New Jersey lending institution. Later that year, the lending institution assigned the mortgage to plaintiff, New York Guardian Mortgagee Corporation, as noted, a wholly-owned operating subsidary of Guardian Bank, N.A., a New York national bank. As a result of an alleged default by defendants in their mortgage payments, plaintiff brought this suit to foreclose the mortgage in 1983.

Defendants opposed the foreclosure by, *inter alia,* moving to dismiss the action without prejudice pending compliance with the authorization statute and reporting act. The enforcement provision of the authorization statute, *N.J.S.A.* 14A:13–11, states in pertinent part:

> No foreign corporation transacting business in this state without a certificate of authority shall maintain any action or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority.

The enforcement provision of the reporting act, *N.J.S.A.* 14A:13–20, states in pertinent part:

> No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report.

Plaintiff opposes the motion to dismiss by making a two-pronged argument. It argues first that, as an operating subsidiary of a national bank, it is governed by federal banking law and is entitled to the same protection which that law gives to national banks. Second, plaintiff argues that federal banking law entitles national banks to sue in any state as fully as a natural person, *i.e.,* human being, *see* Black's Law Dictionary (5 ed. 1979). Because the statutes invoked by defendants bar suits by corporations but not suits by natural persons, they prevent national banks from suing as fully as natural persons—such statutes are thus in conflict with federal banking law and are superceded.

Plaintiff's argument thus raises two issues, both of which are issues of first impression:

(1) Is plaintiff to be allowed to sue as if it were a national bank?

(2) Do the two named statutes conflict with a federal banking law requirement that national banks be free to sue as fully as natural persons?

Before reaching these two issues of federal law,[1] however, the court must decide whether *under state law* the two statutes apply; if they do not, clearly the federal issues need not be reached.[2]

---

[1] The latter issue could also be viewed as a combined issue of state and federal law.

[2] Unlike the Appellate Division in *Bank Leumi Trust Co. v. Schneider,* 188 *N.J.Super.* 423 (App.Div.1982), the court need not address whether the Banking

██ The two statutes which defendants invoke prevent suit by foreign corporations under the circumstances described. The statutes are part of Chapter 13 of Title 14A, *i.e.*, the New Jersey Business Corporation Act (hereinafter the corporation act). The definitions section to this act, *N.J.S.A.* 14A:1–2, states in pertinent part at paragraph (j) that the term "foreign corporation" means "a corporation for profit organized under laws of a jurisdiction other than this State . . . ." The Commissioners' Comment to paragraph (j) states that "a corporation formed by or under the laws of the United States is a foreign corporation." Since operating subsidiaries of national banks are formed under federal law, *see* 12 *C.F.R.* § 5.34, plaintiff is a foreign corporation under the corporation act.

It should be noted that *N.J.S.A.* 14A:1–3, which sets forth the scope of the corporation act, confirms the applicability of the act to foreign corporations established under federal law. It states in part that the act applies "to foreign corporations, including those formed by or under any act of Congress . . . ." The section adds, however, that the act applies "only to the extent permitted under the Constitution and laws of the United States."

It is clear, therefore, that as a matter of state law, the two statutory sections which defendants invoke do apply and will prevent suit by plaintiff, unless federal law bars this effect. It is to that pivotal question—and thus to the substance of plaintiff's federal law argument—that the court now turns.

---

Act of 1948, *N.J.S.A.* 17:9A–1 *et seq.*, renders Title 14A, or the reporting act in particular, inapplicable—either by conflict or by action of *N.J.S.A.* 17:9A–338. This is so because despite the fact that plaintiff here clearly is engaged in an activity which is part of or at least incidental to the "banking business," our banking act does not apply to it. Plaintiff does not fall within the statutory definition of "bank" or "savings bank," *N.J.S.A.* 17:9A–1(1)(a) to (e) and (13)(a) to (e), nor does it fall within the definition of "banking institution" *N.J.S.A.* 17:9A–1(2); it also does not qualify as a "foreign bank" under *N.J.S.A.* 17:9A–315 because it does not exercise the powers enumerated there which would bring it within that definition.

██ Plaintiff argues first that as an operating subsidiary of a national bank it has the same power to sue as national banks have under the National Bank Act, 12 *U.S.C.A.* § 21 *et seq.* The fourth paragraph of 12 *U.S.C.A.* § 24 states that national banks have the power "[t]o sue and be sued, complain and defend, in any court of law and equity as fully as natural persons." Plaintiff bases its claim to that same power upon the federal regulation which governs operating subsidiaries of national banks, 12 *C.F.R.* § 5.34.[3] That section, at paragraph (d)(2), subtitled "Applicability of banking laws and regulations —(i) Banking laws and regulations applicable" states that "[u]nless otherwise provided by statute or regulation, all provisions of Federal banking laws and regulations applicable to the operations of the parent bank shall be equally applicable to the operations of its operating subsidiaries."

Defendants cite two sources in support of their argument that the National Bank Act's provisions do *not* apply to operating subsidiaries: 12 *U.S.C.A.* § 37 (part of the National Bank Act) and *Weiner v. Bank of King of Prussia*, 358 *F.Supp.* 684 (E.D.Pa.1973).

The first, 12 *U.S.C.A.* § 37, subtitled "Associations governed by chapter," states in pertinent part that the provisions of the National Bank Act" apply to all associations organized to carry on the business of banking under any Act of Congress." The court finds this passage unpersuasive. It was enacted as part of the original National Bank Act in 1864; its limited purpose is plain, *i.e.,* to exclude from the act's scope banks which are chartered under state law. It does not stand for the proposition that the act is inapplicable to plaintiff; the unmistakable language of 12 *C.F.R.* § 5.34(d)(2)(i) flatly contradicts any such interpretation.

---

[3]It was promulgated by the Comptroller of the Currency, the primary federal body regulating national banks.

The court finds the case cited by defendants equally unpersuasive. In their brief, defendants cite language from *Weiner* to the effect that the National Bank Act regulates only national banks. The court in that case, however, was in no way addressing the issue of the power of operating subsidiaries to sue. The court's statement that the act applies only to national banks was used for the limited purpose of reproaching a careless plaintiff who had alleged that certain state banks had violated the National Bank Act.[4] It does not support the position asserted by defendants.

As noted, the language of 12 *C.F.R.* § 5.34(d)(2)(i) is unmistakable. As a consequence, the court holds that pursuant to that section plaintiff is entitled to sue as if it were a national bank; neither defendants' brief nor the court's research has revealed any regulation or statute that would provide otherwise. This result is entirely logical, for as specified in 12 *C.F.R.* § 5.34(c), operating subsidiaries engage in activities "which are a part of or incidental to the business of banking." Under 12 *U.S.C.A.* § 24 ¶ 4, therefore, plaintiff is empowered to sue as fully as a natural person.

As a second line of defense, defendants take the position that even if plaintiff is governed by 12 *U.S.C.A.* § 24 ¶ 4, the state law sections invoked do not conflict with that federal provision; they argue that where there is no conflict, the state law still applies to plaintiff and bars the instant suit.[5]

---

[4]"The averments in counts I and II are wrong on their face since 13 of the named defendants are state chartered banks, not subject in any way to the duties imposed by the National Bank Act. [That act] regulates national banks and only national banks, which can be identified by the word 'national' in their name. 12 *U.S.C.A.* § 22." *Weiner, supra* at 687.

[5]The full three-part standard applicable to conflicts of state and federal banking law was established by the United States Supreme Court in *McClellan v. Chipman,* 164 *U.S.* 347, 17 *S.Ct.* 85, 41 *L.Ed.* 461 (1896). In ruling on the applicability of state law to national banks the Court indicated that state laws would apply "unless they expressly conflict with the laws of the United States, or frustrate the purpose for which the national banks were created, or impair

In support of their premise that there is no conflict, defendants cite *Citibank (South Dakota), N.A. v. Gonzalez*, 114 *Misc.* 2d 1007, 452 *N.Y.S.*2d 1012 (Civ.Ct.1982). In that case a New York trial court found that there was no conflict between a state statute which required the plaintiff, a non-resident foreign corporation not licensed to do business in the state, to post security for costs as a prerequisite to suit and 12 *U.S.C.A.* § 24's "as fully as natural persons" language.

Defendants misread the import of *Citibank*, however; it is readily distinguishable from the case at bar. The New York court specifically held that there was no conflict because under the New York statute *a nonresident natural person would also be required to post security for costs. Citibank, supra* at 1015. Thus the statute there did not prevent the bank from suing as fully as a natural person. That is not the state of affairs in the case at bar. *N.J.S.A.* 14A:13–11 and *N.J.S.A.* 14A:13–20 apply solely to foreign corporations. Natural persons do not have to comply as a prerequisite to suit. These statutes do prevent plaintiff from suing as fully as a natural person.

Contrary to defendants' argument, the New Jersey statutes, by interposing a prerequisite to suit not faced by natural persons, *expressly conflict* with 12 *U.S.C.A.* § 24 ¶ 4. Courts in other jurisdictions, when judging similar statutes, have uniformly found such an express conflict and have held the statutes to be superceded by the federal provisions or inapplicable as a matter of state law.

In *Bank of America, National Trust & Savings Ass'n v. Lima*, 103 *F.Supp.* 916, 918 (D.Mass.1952), a federal district court found that a Massachusetts statute setting certain prerequisites to suit by foreign corporations was "plainly in con-

---

their efficiency to discharge the duties imposed upon them by the laws of the United States." *Id.* at 357, 17 *S.Ct.* at 87.

flict" with 12 *U.S.C.* § 24 ¶ 4.   The court held as a matter of state law that the plaintiff-bank's activities did not bring it within the statute's coverage;   it noted in dictum, however, that if its activities would have brought it under the statute, the statute would either have not applied because of plaintiff's status as a national bank or would have been "repugnant to the banking laws of the United States and unconstitutional."   *Id.* at 920.

In *Indiana National Bank v. Roberts,* 326 *So.*2d 802 (Miss. Ct.1976), where a defendant who was sued by a nonresident national bank which was not authorized to do business in the forum state moved to dismiss under a statute virtually identical to *N.J.S.A.* 14A:13–11, the Mississippi Supreme Court held that the "clear and explicit" language of 12 *U.S.C.A.* § 24 ¶ 4, made the state statute inapplicable to national banks.   *Id.* at 802. Similarly, in *State National Bank of Connecticut v. Laura,* 45 *Misc.*2d 430, 256 *N.Y.S.*2d 1004 (Cty.Ct.1965), a New York trial court stated in dictum that a statute requiring a certificate of authority as a prerequisite to suit by corporations would be superceded as to national banks by 12 *U.S.C.A.* § 24 ¶ 4.   *Id.* at 1006.   (The court held that as a matter of state law the statutory sections raised by defendants did not apply to the plaintiff-national bank).   *See also First National Bank of Tonasket v. Slagle,* 165 *Wash.* 435, 5 *P.*2d 1013 (Sup.Ct.1931).

In the case at bar, under *N.J.S.A.* 14A:1–3, the two statutory sections at issue, *N.J.S.A.* 14A:13–11 and *N.J.S.A.* 14A:13–20, apply "only to the extent permitted under the Constitution and laws of the United States."   Since they clearly are in express conflict with 12 *U.S.C.A.* § 24 ¶ 4, they do not apply to plaintiff. As a consequence, defendants' motion to dismiss is denied.   Let an appropriate order be submitted.