**Edward PASKET, Appellant,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity for the First National Bank of Navasota, Appellee.**

No. A14–89–613–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1990.

Edward Pasket, Anderson, pro se.

Shane Sanders, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This case arises from a judgment determining the boundaries of adjoining property belonging to appellant [Pasket] and the Federal Deposit Insurance Corporation [FDIC]. Pasket complains the trial court lacked jurisdiction since, he alleges, the FDIC was a foreign corporation without a certificate to do business in the state and was, therefore, without standing to sue in Texas courts. We affirm.

Pasket defaulted on a loan from the former First National Bank of Navasota. The promissory note and guaranty supporting the loan were secured by a lien on the south one-hundred (100) acres of a two-hundred (200) acre tract owned by Pasket. The bank foreclosed on the property. The bank then filed this action to determine the boundaries of the property it owned. After instituting the suit, the bank became insolvent. The FDIC was appointed receiver. The FDIC, as receiver, sold many of the bank's assets to the FDIC in its corporate capacity. Among those assets were Pasket's promissory note and guaranty. The trial court granted a motion to substitute the FDIC, in its corporate capacity, as the true party in interest for the First National Bank of Navasota. On May 15, 1989, Pasket filed a Notice of Jurisdictional Defect. He concedes the trial court considered and denied his request for a dismissal for lack of jurisdiction. The trial court that day entered a judgment establishing the legal description of the property in question.

In two points of error, Pasket challenges the FDIC's standing to sue and alleges the trial court erred in proceeding to judgment in light of his jurisdictional challenge. We find both points to be without merit.

The FDIC was created by the Congress of the United States. In 12 U.S.C. § 1819 (1980), the Congress empowered the FDIC with the right "[t]o sue and be sued, complain and defend, in any court of law or equity, State or Federal." Further, although a foreign corporation is required to procure a certificate of authority to have the right to transact business in Texas, the type of action pursued by the FDIC in this instance is specifically exempted from that requirement. TEX. BUS. CORP. ACT ANN. art 8.01 (Vernon Supp.1989). Under article 8.01 B(8), "a foreign corporation shall not be considered to be transacting business in this state, for purposes of [the Business Corporation Act], by reason of carrying on in this state any one (1) or more of the following activities: ... (8) Securing or collecting debts due to it or enforcing any rights in property securing the same;...." The FDIC clearly had standing to bring this suit.

Accordingly, the trial court correctly denied Pasket's request to dismiss for lack of jurisdiction, and properly proceeded to judgment. Points of error one and two are overruled.

The judgment of the trial court is affirmed.