**In re HIBERNIA NATIONAL BANK.**

No. 13–00–318–CV.

Court of Appeals of Texas,
Corpus Christi.

June 22, 2000.

Paul Wilson, Wilson Law Firm, Edinburg, for Relator.

Ernesto Gamez, Jr., Law Offices of Ernesto Gamez, Jr., Brownsville, for Real Party.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

**O P I N I O N**

Opinion by Justice DORSEY.

In this original mandamus proceeding, the relator Hibernia National Bank (Hibernia) asks us to issue a writ of mandamus directing the County Court at Law No. 2 of Cameron County to withdraw its order sustaining the plea in abatement

filed by the real party in interest, Thomas G. Sharpe, Jr., and to order the court to deny the plea in abatement. We conditionally grant the petition for writ of mandamus.

## I. Procedural History

Hibernia, a national banking association organized under U.S. law, sued Sharpe in County Court at Law No. 2 to recover $35,873.55 that he allegedly owed on a Hibernia Capital Access Visa Card. Sharpe filed a plea in abatement asserting that Hibernia is a foreign corporation with its principal place of business in Louisiana. Thus article 8.18A of the Texas Business Corporation Act prevented Hibernia from bringing this suit because it had not obtained a certificate of authority to transact business in this state. Hibernia responded to the plea in abatement, contending that federal law and its preemptive effect over state law defeated the application of article 8.18A. Hibernia relied on 12 U.S.C. § 24, which states, in relevant part, that national banks have power "[t]o sue and be sued, complain and defend, in any court of law or equity, as fully as natural persons." 12 U.S.C. § 24, subd. 4 (West 1989).

On March 29, 2000, the trial court signed an order, stating that it was undisputed that Hibernia is a national bank with its principal office in Louisiana and that it had not obtained a certificate of authority to transact business in Texas. Therefore the court granted the plea in abatement and abated Hibernia's causes of action until it presents evidence of having obtained a certificate of authority to transact business in Texas. The court ordered Hibernia to obtain the certificate of authority within sixty days of the signing of the order. Failure to obtain the certificate within the sixty-day period would result in dismissal [1] of its causes of action.

## II. Applicable Law

■ The law is well settled that mandamus relief is available only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000). *See Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex.1992).

Article 8.18A provides, in relevant part:

A. No foreign corporation which is transacting, or has transacted, business in this State without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of this State (whether brought directly by the corporation or in the form of a derivative action by a shareholder) on any cause of action arising out of the transaction of business in this State, until such corporation shall have obtained a certificate of authority. . . .

Tex.Rev.Civ. Stat. Ann. art. 8.18A (Vernon 1980).

## III. Federal Preemption

■ Hibernia argues that 12 U.S.C. § 24 preempts the application of article 8.18A. Hibernia has not cited us to any Texas case law to support this argument, and we are unable to find any. However the U.S. Supreme Court has stated that "national banks are subject to state laws, *unless those laws infringe the national banking laws* or impose an undue burden on the performance of the banks' functions." *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 248, 64 S.Ct. 599, 88 L.Ed. 692 (1944) (emphasis added). *See First Nat'l Bank v. Missouri*, 263 U.S. 640, 658, 44 S.Ct. 213, 68 L.Ed. 486 (1924). In *Miller v. King*, 223 U.S. 505, 32 S.Ct. 243, 56 L.Ed. 528 (1912) the Court stated that a national bank "may do those acts and occupy those relations which are usual or necessary in making collections of commercial

---

1. The order provided that if Hibernia challenged the order before any higher court within the sixty-day deadline for obtaining the certificate of authority then the order would be stayed until final disposition of the challenge to the order.

paper and other evidences of debt." *Id.* at 511, 32 S.Ct. 243.

At least one court has decided whether 12 U.S.C. § 24 preempts a state law prohibiting a foreign corporation from maintaining suit in the state without first obtaining a certificate of authority. In *Indiana Nat'l Bank v. Roberts,* 326 So.2d 802 (Miss.1976), Indiana National Bank, a national banking corporation, brought suit in Mississippi to recover on a promissory note. The debtor filed a motion to dismiss, arguing that the bank was a foreign corporation not qualified to do business in Mississippi and, therefore, not entitled to maintain the suit. The trial court granted the motion and dismissed the suit. The bank argued on appeal that it is a national banking corporation organized under U.S. law and, therefore, not subject to Mississippi law.[2] The Mississippi Supreme Court, citing to decisions which had addressed similar issues, stated: "Unanimously, other state courts have held that a statute, similar to Mississippi's, prohibiting a foreign corporation not qualified to do business in the State from maintaining any action in any court of the State, does not apply to a national banking corporation." *Roberts,* 326 So.2d at 803.

In the instant case it is undisputed that Hibernia is a national bank organized under U.S. law. Thus Hibernia is subject to state laws, unless those laws infringe the national banking laws. *Anderson Nat'l Bank,* 321 U.S. at 248, 64 S.Ct.599. Because 12 U.S.C. § 24 gives national banks the power to sue in any court of law and equity, as fully as natural persons, article 8.18A would infringe upon that power because it would require a foreign bank to obtain a certificate of authority before it could maintain a suit in this state. Thus 12 U.S.C. § 24 will preempt the application of article 8.18A. *Anderson Nat'l Bank,* 321 U.S. at 248, 64 S.Ct. 599; *Roberts,* 326 So.2d at 803.

## IV.  Article 8.01B(8)

In addition, although a foreign corporation is required to procure a certificate of authority to have the right to transact business in Texas, the type of action pursued by Hibernia is exempted from that requirement. Under article 8.01B(8) of the Texas Business Corporation Act, "a foreign corporation shall not be considered to be transacting business in this state, for the purposes of [the Business Corporation Act], by reason of carrying on in this state any one (1) or more of the following activities: ... (8) Securing or collecting debts due to it or enforcing any rights in property securing the same." TEX.REV.CIV. STAT. ANN. art. 8.01B(8) (Vernon Supp.2000). In the instant case Hibernia is maintaining a suit to collect a debt owed to it by Sharpe. Accordingly Hibernia had standing to bring this suit against Sharpe without first obtaining a certificate of authority. *See* TEX.REV.CIV. STAT. ANN. art. 8.01B(8) (Vernon Supp.2000); *Pasket v. Federal Deposit Ins. Corp.,* 785 S.W.2d 172, 173 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.) (FDIC though foreign corporation was not required to get certificate to do business in Texas in order to have standing to sue in Texas to enforce rights acquired from insolvent local bank).

We conditionally grant the writ of mandamus. The writ will issue only if the County Court at Law No. 2 does not withdraw its order granting the plea in abatement.

---

2. The complained-of statute provided: "No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state." *Roberts,* 326 So.2d at 802.