# CIRCUIT COURT OF FAIRFAX COUNTY

American Express
Centurion Bank

v.

Li Tsai

June 5, 2007

Case No. (Law) CL-2007-2700

BY JUDGE MICHAEL P. MCWEENY

This cause came before the Court upon the Defendant's Motion to Dismiss. The Court heard oral argument on May 25, 2007, and took the matter under advisement. After full consideration of the parties' positions and examination of the supporting statutes and case law, this Court is of the opinion that the Defendant's Motion should be denied.

*Facts*

The Defendant, Li Tsai, is indebted to the Plaintiff, American Express Centurion Bank, in the amount of $23,444.25. This amount represents the sum total of the account balances of *two* separate credit cards. More accurately, the Defendant owes $10,521.45 on one American Express Card (the "First Credit

Card") and approximately $12,922.80 on a second American Express Card (the "Second Credit Card"). The Plaintiff's Complaint does not separate the two amounts into different counts.

The Plaintiff brought suit to collect the amount owing on the First Credit Card in the General District Court for Fairfax County on August 9, 2005. That case, No. V05-021698, was nonsuited exactly one year later on August 9, 2006.

The Defendant argues that pursuant to Va. Code § 8.01-380(A), the Plaintiff was required to bring its claim regarding the First Credit Card in the General District Court so long as jurisdiction and venue are still proper. The Defendant also posits that, because the Plaintiff is a Utah corporation and has not obtained a Certificate of Authority to transact business in the Commonwealth as required by Va. Code § 13.1-757, it is barred from bringing suit in Virginia's courts.

## Analysis

### Renewing a Cause of Action Following a Nonsuit

Va. Code § 8.01-380(A) provides that "after a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court." Here, the Plaintiff initially filed a cause of action related to the Defendant's First Credit Card in the General District Court. Jurisdiction and venue are still proper in the General District Court for an action on that individual card, as the amount due and owing thereon is only $10,521.45. (See Va. Code § 16.1-77.) This Court finds no merit in the Plaintiff's suggestion that combining the amounts owing on two separate credit cards results in a new cause of action.

The remaining question under Va. Code § 8.01-380(A) is whether "other good cause is shown for proceeding in another court." The argument is that to require re-filing in the General District Court guarantees at least two, possibly even three, separate trials, while allowing the Plaintiff to proceed in the Circuit Court would result in one trial. Taking into consideration the identity of parties and counsel as well as the fact that one trial would limit expenditures for the parties, witnesses, and the courts, this Court is of the opinion that good cause is shown. The Plaintiff may be permitted to proceed on both credit cards in the Circuit Court.

*"Transacting Business" and Obtaining a Certificate of Authority*

The Plaintiff in this matter is a federally insured loan company incorporated in Utah. The Plaintiff concedes that it has not obtained a Certificate of Authority from the Virginia State Corporation Commission. Va. Code § 13.1-758(A) clearly states that a foreign corporation transacting business in the Commonwealth without a Certificate of Authority may not maintain a proceeding in any court in the Commonwealth until it obtains such a Certificate. Thus, the Defendant suggests that the Plaintiff is not entitled to bring suit in this Court.

The Plaintiff, meanwhile, counters that Va. Code § 13.1-757(B) substantially curtails the meaning of what it means to "transact business in the Commonwealth." Specifically, Va. Code § 13.1-757(B)(6), (7) states that neither "creating or acquiring indebtedness" nor "securing or collecting debts" constitute "transacting business" within the meaning of § 13.1-758. The Plaintiff suggests that, because it is in the business of issuing credit cards and lines of credit, it is excluded from the requirement of obtaining a Certificate of Authority.

This Court would note that the Commonwealth of Virginia possesses a strong interest in regulating out-of-state corporations doing business in Virginia. But it is also acknowledged that this interest is subject to federal and Constitutional claims that interstate commerce should not be burdened by state licensing, taxation, and regulation. Indeed, the United States Supreme Court has held that national banks are not subject to state laws that infringe upon national banking laws. *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 248, 64 S. Ct. 599, 88 L. Ed. 692 (1944). Furthermore, a federal statute ensures that a national bank shall have the power to sue in any court of law or equity "as fully as natural persons." 12 U.S.C. 24 (2006).

Considering this body of federal law, state statutes that require out-of-state banks to acquire certificates of authority to transact business before filing suit arguably deny national banks rights that are held by in-state corporations and state citizens. Accordingly, other state courts have repeatedly held that 12 U.S.C. 24 exempts national banks from state certification statutes for the purpose of filing suit in state courts. *See, e.g., In re Hibernia Nat'l Bank*, 21 S.W.3d 908, 910 (Tex. App. 2000); *Indiana Nat'l Bank v. Roberts*, 326 So. 2d 802, 803 (Miss. 1976); *First Nat'l Bank of Tonasket v. Slagle*, 165 Wash. 435, 5 P.2d 1013 (1931).

Because certification statutes such as Va. Code § 13.1-758(A) not only restrict access to a state's court system, but also empower a state to tax and otherwise regulate foreign corporations, the legal standard for "transacting

business" is higher for certification or qualification purposes than for long-arm jurisdiction or service of process. *Continental Properties, Inc. v. The Ullman Co.*, 436 F. Supp. 538, 541 (E.D. Va. 1977). Indeed, "a much stronger showing of in-state activities is required in order to invoke the sanctions of corporate qualification statutes than is required to subject a foreign corporation to local taxation or service of process." *Id.* at 543.

Furthermore, for purposes of state certification or qualification statutes, any business transactions that are merely incidental to an out-of-state corporation's ordinary business are insufficient to constitute "transacting business" within the meaning of § 13.1-758. *Id.* at 542-43. Under the logic of *Continental*, the Plaintiff's collection of membership fees and merchant fees are merely incidental to its primary activity of "creating or acquiring indebtedness," an activity already excepted by § 13.1-757(B)(6). Because none of the Plaintiff's business activities constitute "transacting business" under Va. Code § 13.1-757, the Plaintiff cannot be said to be "transacting business without authority." Thus, there is no restriction upon the Plaintiff maintaining a proceeding in this Court.

*Conclusion*

For the reasons stated above, the Defendant's Motion to Dismiss is denied.