Argued and submitted August 24, 2021, reversed and remanded
August 10, 2022

NATIONSTAR MORTGAGE, LLC,
dba Mr. Cooper,
*Plaintiff-Appellant,*

*v.*

David M. HINKLE,
aka David Michael Hinkle and
Tracy A. Hamblet, aka Tracy Ann Hamblet,
aka Tracy A. Hamlet Hinkle,
*Defendants-Respondents,*
*and*

CLACKAMAS FEDERAL CREDIT UNION
and occupants of the property,
*Defendant.*

Clackamas County Circuit Court
18CV36917; A173078

516 P3d 718

During the pendency of this judicial foreclosure action, plaintiff transferred the note and deed of trust to a third-party mortgage servicer. The trial court denied plaintiff's motion for leave to amend the complaint to allege facts showing the transfer and substitute the third-party mortgage servicer as plaintiff, concluding that the proposed amendment was futile because the new note holder could not be substituted as a matter of law. The trial court then granted defendants' motion for summary judgment, concluding that plaintiff was not the real party in interest because of the transfer. Plaintiff appeals, assigning error to those rulings. *Held*: The trial court erred in granting summary judgment for defendants, because the undisputed facts showed that plaintiff held the note and had the right to enforce it when it filed the complaint. The trial court also abused its discretion in denying leave to amend the complaint. The proposed amendment was not futile because, under ORCP 34 E, the trial court had discretion to substitute the third-party mortgage servicer as plaintiff.

Reversed and remanded.

Ulanda L. Watkins, Judge.

John Thomas argued the cause and filed the briefs for appellant.

Jeffrey A. Long argued the cause and filed the brief for respondents.

Before Powers, Presiding Judge, and Egan, Judge, and Landau, Senior Judge.

POWERS, P. J.

Reversed and remanded.

**POWERS, P. J.**

During the pendency of this judicial foreclosure action, plaintiff transferred the note and deed of trust to a third-party mortgage servicer. We must decide what effect, if any, that transfer has on plaintiff's ability to maintain the proceeding. After plaintiff unsuccessfully moved to substitute the new mortgage servicer as plaintiff and for leave to amend the complaint, the trial court granted summary judgment for defendants. On appeal, plaintiff assigns error to the trial court's rulings on the motions and the court's award of costs and attorney fees to defendants. For the reasons explained below, we conclude that the trial court's rulings denying leave to amend and granting summary judgment stemmed from an incorrect legal premise, and we reverse those rulings and remand, which obviates the need to address plaintiff's challenge to the award of costs and fees.

## FACTS AND PROCEDURAL HISTORY

The pertinent facts are undisputed. In 1998, defendants Hinkle and Hamblet obtained a loan to finance the purchase of a home in Clackamas County, secured by a promissory note and deed of trust. The note obligated defendants to make regular payments on the loan and permitted the lender to accelerate the entire amount due under the note in the event of a default. In 2012, defendants stopped making payments on the note, and the loan entered into default. In 2017, plaintiff Nationstar Mortgage, LLC became the holder of the note, which was indorsed in blank, and the beneficiary to the trust deed. In August 2018, plaintiff initiated this judicial foreclosure action and, two months later, delivered the note and assigned the trust deed to a third-party mortgage servicer, New Penn Financial, LLC (New Penn).

In their answer to the complaint, defendants timely asserted that plaintiff is not the real party in interest because it no longer holds the note. *See* ORCP 21 A and G(2) (providing that the defense that the party asserting the claim is not the real party in interest must be asserted in a

responsive pleading to the claim of relief, an amendment to the responsive pleading, or a motion to dismiss, or else it is waived). In response, plaintiff moved pursuant to ORCP 34 E to substitute New Penn as plaintiff and, later, moved pursuant to ORCP 23 for leave to amend the complaint to allege facts showing the transfer of the note to New Penn and to substitute New Penn as plaintiff.

Defendants opposed both motions. As to the motion to substitute, defendants argued that ORCP 34 does not authorize substitution in cases where the claim does not survive the transfer of interest. *See* ORCP 34 A ("No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the claim survives or continues."). Defendants argued that plaintiff's foreclosure claim did not survive its transfer of the note because, under the Uniform Commercial Code (UCC), a plaintiff that transfers a note no longer has the right to enforce the note and the right is terminated rather than passed onto the new note holder. According to defendants, a transfer of a note *pendente lite*—or "pending litigation"—requires the pending suit to be dismissed and the new note holder to file a new claim. That is because, defendants argued, a plaintiff must both hold the note at the time it commences the foreclosure action and maintain possession of the note through trial to judgment.

As to plaintiff's motion for leave to amend the complaint, defendants argued that an amended claim alleging facts showing plaintiff's *pendente lite* transfer of the note to New Penn would not have merit. That is because, defendants argued, even if ORCP 34 allowed substitution in these circumstances (which they did not concede), New Penn did not hold the note when the complaint was filed and therefore did not have standing to initiate the action.

The trial court denied the motion to substitute without explanation and denied the motion for leave to amend as "essentially a re-do" of the motion to substitute.

Defendants then moved for summary judgment. Based on the court's earlier rulings on the motions and the record before it, the trial court concluded that defendants

were entitled to judgment as a matter of law.[1] The court explained, "[I]f you don't possess the note, you're not entitled to enforce the note. As an instrument, you weren't allowed to substitute in the—I don't even know what to call the new holder. So, the record as it stands right now, before me, I have to grant the motion." The trial court entered a limited judgment of dismissal based on its ruling and later issued a supplemental judgment awarding attorney fees and costs to defendants.[2]

On appeal, the parties do not dispute that plaintiff held the note and had the right to enforce it when it commenced this foreclosure action. Their disagreement— and the trial court's rulings on both the motion for leave to amend and the motion for summary judgment—turn on the legal ramifications of plaintiff's transfer of the note while this action was pending.[3] Defendants argue, as they did below, that a plaintiff's *pendente lite* transfer of the note it is seeking to enforce in foreclosure requires dismissal because the transfer: (1) divests the plaintiff of its status as the real party in interest, (2) abates the foreclosure action, and (3) precludes substitution of the new note holder for lack of standing. The problem with defendants' argument, however, is that the legal premises are incorrect.

As explained below, we conclude that plaintiff's transfer of the note *pendente lite* has no bearing on plaintiff's status as the real party in interest in this case, because the relevant time a plaintiff must establish that it is entitled to enforce the note is at the commencement of the foreclosure action. It is undisputed that plaintiff held the note, indorsed in blank, at the time it filed the complaint and, therefore, is the real party in interest entitled to enforce the note in

---

[1] A different judge ruled on each of the motions to substitute, for leave to amend, and for summary judgment. At the hearings on the motions for leave to amend and for summary judgment, the court noted that it had reviewed the prior rulings.

[2] As noted, we need not reach plaintiff's third assignment of error challenging the supplemental judgment, given our conclusion that the trial court erred in granting summary judgment to defendants and in denying plaintiff's motion for leave to amend the complaint.

[3] Plaintiff does not assign error to the denial of its initial motion to substitute New Penn as plaintiff.

foreclosure. Accordingly, the trial court erred in granting summary judgment for defendants on that basis.

Moreover, a *pendente lite* transfer of interest does not abate a foreclosure action because the transfer of the note vests the right to enforce it in the transferee. And ORCP 34 E authorizes the action to be continued in the name of the original party and gives a trial court discretion to substitute the party to whom the interest is transferred. Therefore, we also conclude that the trial court erred when it denied the motion to amend because its ruling flowed from the incorrect legal premise that New Penn could not be substituted as plaintiff as a matter of law.

## DISCUSSION

We begin with a brief overview of the substantive law of judicial foreclosure actions before turning to the applicable principles governing the parties' dispute. A judicial foreclosure action seeks to recover debt secured by real property. A typical home loan consists of two distinct but related legal documents: a promissory note in which the borrower promises to repay the lender on a specified schedule, and a security agreement—either a mortgage or trust deed—in which the borrower conveys to the lender a lien on the purchased property to secure the loan memorialized in the promissory note. *Brandrup v. ReconTrust Co.*, 353 Or 668, 675-76, 303 P3d 301 (2013). Oregon subscribes to the "lien theory" of mortgages in which the borrower "merely conveys a 'right, upon condition broken, to have the mortgage foreclosed and the mortgaged property sold to satisfy [the underlying debt].'" *Id.* at 676 (quoting *Schleef v. Purdy*, 107 Or 71, 78, 214 P 137 (1923) (bracketed text in *Brandrup*)). In the event that the borrower defaults on the note, the lender or the lender's successor in interest may exercise its right to sell the secured property to satisfy the obligation by bringing a judicial foreclosure action against the borrower. *Brandrup*, 353 Or at 676.

A promissory note secured by a trust deed or mortgage is a negotiable instrument governed by the UCC. *See* ORS 73.0104(1) (defining "negotiable instrument"). ORS 73.0301 establishes who is entitled to bring a judicial

foreclosure action to enforce a note. *Bank of New York Mellon v. Brantingham*, 303 Or App 649, 655, 464 P3d 1143, *rev den*, 367 Or 217 (2020) (citing *Deutsche Bank Trust Co. Americas v. Walmsley*, 277 Or App 690, 695-96, 374 P3d 937 (2016)). That statute provides:

> "'Person entitled to enforce' an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to ORS 73.0309 or 73.0418(4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

ORS 73.0301. A "holder" includes "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." ORS 71.2010(2)(u)(A). And "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." ORS 73.0205(2). Thus, "to be entitled to enforce a negotiable instrument as a holder, a party must simply demonstrate that it is in possession of the instrument and that the instrument is payable either to the bearer or to the party itself." *Walmsley*, 277 Or App at 696.

With that brief overview of the substantive law governing judicial foreclosure actions, we turn to the procedural rules at issue in this case. The first, ORCP 26 A, provides that "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest in a legal action "traditionally refers to a person with a legally cognizable interest, that is, the party who will be 'benefited or injured by the judgment in the case'" or "a person who is statutorily authorized to bring an action." *Association of Unit Owners v. Dunning*, 187 Or App 595, 607, 69 P3d 788 (2003) (quoting *Pulkrabek v. Bankers' Mortgage Corp.*, 115 Or 379, 385, 238 P 347 (1925)). The rule that every action must be prosecuted in the name of the real party in interest ensures that a defendant will not be forced to defend against or held liable for the same cause of action more than once. *Sturgis v. Baker*, 43 Or 236, 241, 72 P 744 (1903) ("The statute requiring that every action shall be prosecuted in the

name of the real party in interest (B. & C. Comp. § 27) was enacted for the benefit of a party defendant, to protect [the defendant] from being again harassed for the same cause. But if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect [the defendant] when discharged, then is [the defendant's] concern at an end.").

The next procedural rule is ORCP 34 A, which provides that "[n]o action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the claim survives or continues." That rule "relates only to the procedural question of abatement of the action." Council on Court Procedures, Staff Comment to Rule 34, *reprinted in* Fredric R. Merrill, *Oregon Rules of Civil Procedure: A Handbook* 72 (1981). Thus, a transfer of interest in the subject of an action does not abate the action if the cause of action survives or continues under the relevant substantive law.

The final procedural rule, ORCP 34 E, provides that, "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Accordingly, when an interest in the subject of litigation is transferred while the case is pending, the action may be continued in the name of the original party, or the trial court may exercise its discretion to substitute or join the transferee.

Applying the procedural rules to a *pendente lite* note transfer in the judicial foreclosure context, the real party in interest in a foreclosure action is the one entitled to enforce the note—that is, the one that holds the note that is properly indorsed. *Brantingham*, 303 Or App at 655. As to timing, to be a "holder" entitled to enforce a note under the UCC, a plaintiff must prove that the note is in its possession (if it is not shown to be lost) at the commencement of the action. *Investment Service v. Martin Bros.*, 255 Or 192, 205-07, 465 P2d 868 (1970); *Bank of New York Mellon v. Delaney*, 299 Or App 1, 7, 455 P3d 42 (2019), *rev den*, 366 Or 292 (2020) (explaining that the plaintiff was entitled to enforce the

note because it possessed the note, indorsed in blank, "at the time that the complaint was filed"). Thus, a plaintiff is the real party in interest in a foreclosure action if the plaintiff can establish that it held the note, properly endorsed, when it filed the complaint.

Contrary to defendants' argument, the right to enforce a note is not extinguished upon transfer. Rather, under the UCC, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course ***." ORS 73.0203(2). In the foreclosure context, that means that a plaintiff's right to enforce the note through foreclosure survives the transfer of interest because it vests in the party to whom the note is transferred. To the extent that defendants rely on *Martin Bros.* to argue that a plaintiff must maintain possession of the note until judgment is entered, we reject that argument. In *Martin Bros.*, the plaintiff did not possess the note when it commenced the action to enforce it, but rather acquired it while the case was pending and continued to possess the note at trial. 255 Or at 194-95. The court squarely rejected the plaintiff's argument that "the time of trial, rather than the time of the commencement of the action is the relevant time" to establish that it was a holder with physical possession of the note and therefore entitled to enforce it: "[W]e conclude that the relevant time was the commencement of the action." *Id.* at 207.

In sum, a judicial foreclosure action that is commenced by the real party in interest may be continued by the original party, by operation of ORCP 34, despite transferring the note while the case is pending.

An early federal circuit court case involving a *pendente lite* transfer in a suit involving real property best explains how these rules work together. In *Elliot v. Teal*, 8 F Cas 537 (CCD Or 1878) (No 4,389), the plaintiff sued in federal court to recover title to real property. The defendant answered and sought to allege a plea in abatement that the plaintiff had conveyed the land to a third party while the case was pending. *Id.* at 537. The defendant argued that the *pendente lite* transfer of interest in the property defeated

diversity jurisdiction and required dismissal because the plaintiff was not the real party in interest. *Id.*

In rejecting the defendant's argument, the court explained that the applicable rule, which later became ORCP 34 A, abolished the common law rule that a transfer of interest abated a cause of action:

> "At common law the death of a plaintiff or the termination of [the plaintiff's] interest in the subject-matter of the action might be pleaded in abatement of it. To remedy the inconvenience resulting from the application of this rule in case of the death of a party, statutes were enacted providing for the continuation of the action by the personal representative of the deceased. Section 37 of the Oregon Civil Code goes farther and provides: 'No action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. * * *'

> "By this section it is expressly provided that the termination of the plaintiff's interest in the subject of the action shall not abate it; and this applies to and includes a case like this, where the termination of such interest is alleged to arise from a voluntary transfer thereof."

*Elliot*, 8 F Cas at 537 (internal citations omitted). The court ruled that the plaintiff's action "is not extinguished by the transfer, but passes to the plaintiff's alleged vendee." *Id.* at 537-38.

The court then construed together the rule on non-abatement of actions, which is now ORCP 34 A, with the rule on the real party in interest, which is now ORCP 26 A, to conclude that "when an action is commenced by the real party in interest [the party's] subsequent transfer of such interest shall not abate the action or prevent [the party] prosecuting it to final judgment, or its being so prosecuted in [the party's] name, for the benefit of whom it may concern." *Id.* at 538 (internal quotation marks omitted). The Oregon Civil Code at that time did not expressly authorize a trial court to allow the action to be continued in the name of the original party, but the court ruled that "an action commenced by the real party in interest may be prosecuted to final judgment in [the party's] own name, notwithstanding

a transfer of [the party's] interest therein" because "[t]his right to continue the action in the name of the original party \*\*\* necessarily results from the prior provision that the action shall not abate." *Id.*

The Oregon Supreme Court adopted the *Elliot* court's reasoning and applied it consistently in cases involving real property. *See, e.g.*, *Harvey et al. v. Getchell et al.*, 190 Or 205, 209, 225 P2d 391 (1950) ("The transfer of the interest of plaintiff administrator in said mining claims during the pendency of this suit did not abate the suit[.]"); *Ankeny v. Lieuallen*, 169 Or 206, 223, 127 P2d 735 (1942) (on rehearing) (concluding that *pendente lite* transferees of a mortgage are entitled to have the foreclosure case proceed in the name of the original plaintiff); *Burns v. Kennedy*, 49 Or 588, 590-91, 90 P 1102 (1907) (adopting *Elliot*'s reasoning in quiet title action). *See also In re First & Farmers National Bank*, 145 Or 150, 163-64, 26 P2d 1103 (1933) (observing that *pendente lite* assignee is authorized to continue the proceedings in the name of the assignor, including appeal from the judgment rendered against the assignor); *King v. Miller*, 53 Or 53, 60-61, 97 P 542 (1908), *aff'd*, 223 US 505, 32 S Ct 243, 56 L Ed 528 (1912) (concluding that *pendente lite* assignee of a judgment is authorized to continue a cause of action after the judgment is reversed for a new trial). Rules governing *pendente lite* transfers have remained largely intact since *Elliot*, aside from two differences, which are expressed in ORCP 34 E and are not at issue in this case.[4]

---

[4] First, ORCP 34 E makes explicit the right to continue the action in the name of the original party, whereas *Elliot* recognized that right as implicit in the nonabatement rule. Second, ORCP 34 E gives a trial court discretion to substitute the *pendente lite* transferee, whereas, prior to the promulgation of the Oregon Rules of Civil Procedure, a *pendente lite* transferee had a right to continue the action in the name of the original plaintiff but did not have the right to be substituted. *Dundee Mortgage & Tr. Inv. Co. v. Hughes*, 89 F 182, 185 (CCD Or 1898) (concluding that the substitution of the plaintiff was only permitted or required in case of the death, marriage, or other disability of a party to a pending action). Substitution is not necessary because the transferee has the right to control the action and the transferor cannot, for example, dismiss it over the transferee's objection. *King*, 53 Or at 61 (observing that whether the *pendente lite* assignee was properly substituted as the plaintiff was "immaterial" because "in any event [the assignee] had the right to control the action"). Moreover, in actions involving real property, any final judgment is binding on the *pendente lite* transferee under the doctrine of *lis pendens*. *Land Associates v. Becker*, 294 Or 308, 313-14, 656 P2d 927 (1982) (explaining that the doctrine of *lis pendens* "states that the filing of a suit concerning real property is notice to people who

In sum, under the relevant substantive and procedural law, a plaintiff is the real party in interest in a foreclosure action if the plaintiff held the note and was entitled to enforce it when the action commenced. A *pendente lite* transfer of the note does not abate the foreclosure action because the right to enforce the note transfers to the new holder, and the action may be continued by or against the original party, or the trial court may order the transferee to be substituted or joined.

## APPLICATION

We first address the trial court's summary judgment ruling. Here, the undisputed facts demonstrate that plaintiff held the note, payable to the bearer, when it commenced this foreclosure action. That was all that was required. *Brantingham*, 303 Or App at 655-56; *Delaney*, 299 Or App at 7. For the reasons explained above, and contrary to the trial court's ruling, plaintiff's *pendente lite* transfer of the note to New Penn is immaterial to whether plaintiff is the real party in interest entitled to enforce the note in this foreclosure action, and the transfer did not abate the cause of action. Accordingly, the trial court erred in granting summary judgment for defendants based on plaintiff's transfer of the note after initiating the action.

For related reasons, the trial court also erred in denying plaintiff's motion for leave to file an amended complaint alleging facts showing the *pendente lite* note transfer to New Penn and substituting New Penn as plaintiff in the caption.

We review a court's denial of leave to amend under ORCP 23 A for abuse of discretion. *Eklof v. Persson*, 369 Or 531, 537, 508 P3d 468 (2022). However, we review legal questions underlying that ultimate discretionary choice for legal error. *Clark v. University of Oregon*, 319 Or App 712, 722, 512 P3d 457 (2022) (citing *Eklof*, 369 Or at 543-54). When a trial court's exercise of discretion proceeds from a mistaken

---

obtain an interest in the property after the commencement of the suit that they will be bound by the outcome of the suit"); *Kaston v. Storey*, 47 Or 150, 154, 80 P 217 (1905) ("[U]nder the doctrine of *lis pendens*, one who acquires title to, or a lien upon, or an interest in, mortgaged real property after the commencement of a foreclosure suit, is not a necessary party thereto, but is bound by the decree.").

legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome. *Brush and Brush*, 319 Or App 1, 7-8, 509 P3d 124 (2022).

ORCP 23 A provides that, after a first amendment allowed as a matter of right within a certain period of time, "a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." As the Supreme Court has explained, "the gravamen of the inquiry under ORCP 23 A is prejudice to the opposing party" and the legal merit of the proposed amendment "is relevant only insofar as ORCP 23 A permits leave to be denied for futile amendments." *Eklof*, 369 Or at 533. An amendment is futile if the claim as amended "could not prevail on the merits due to some failing in the pleadings or some unavoidable bar or obstacle." *Id*. at 543-44.

As the ruling on summary judgment made clear, the trial court denied plaintiff's motion for leave to amend because it agreed with defendants that New Penn could not be substituted as a matter of law; the court concluded that plaintiff's proposed amendment was futile. That legal premise, as explained above, was incorrect; the trial court had discretion to order New Penn to be substituted. Accordingly, the trial court abused its discretion in denying plaintiff's motion for leave to amend the complaint.

Reversed and remanded.