***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted May 9, 2022, affirmed April 26, 2023

Roy GOSNEY
and Sherri Gosney,
*Plaintiffs-Appellants,*

*v.*

CALLAWAY CARS, INC. et al.,
*Defendants,*

*and*

RTC NW INC.,
d.b.a. Ron Tonkin Chevrolet,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV22392; A175691

Adrian L. Brown, Judge.

Matthew S. Kirkpatrick argued the cause for appellants. Also on the briefs was Kirkpatrick Law, LLC.

Stephen P. Rickles argued the cause for respondent. Also on the brief was The Rickles Law Firm, PC.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

This case arises out of a dispute over the warranty for a 2012 Chevy Corvette that plaintiffs, Roy and Sherri Gosney, purchased from codefendant RTC NW Inc., d.b.a. Ron Tonkin Chevrolet (RTC). Plaintiffs challenge the trial court's denial of their motion for leave to file a third amended complaint to add a claim for financial abuse of a vulnerable person and seek partial reversal of the limited judgment as to RTC only.[1] In their sole assignment of error, plaintiffs argue that the trial court erred because Roy Gosney was 65 years old during at least some of the underlying events that support their claim of financial abuse and, in their view, ORS 124.110 does not require all of the elements of a financial abuse claim to have occurred while meeting the definition of a "vulnerable person" under ORS 124.100(1)(e). As explained below, we do not reach that statutory interpretation question, because we conclude that the proposed amended claim—which was pleaded on behalf of both Roy and Sherri Gosney—was futile given that Sherri Gosney did not meet the statutory definition of a vulnerable person. Accordingly, we affirm.

Because the parties are familiar with the undisputed procedural facts, we do not provide a recitation for this nonprecedential memorandum disposition. Oregon's Vulnerable Person Act, codified at ORS 124.100 to 124.140, allows a "vulnerable person," which is a statutorily defined term, who has suffered injury, damage, or death by reason of physical abuse or financial abuse to bring an action against any person who has caused the physical or financial abuse (or who permitted another person to engage in such abuse). ORS 124.100(2); *see also E. J. T. v. Jefferson County*, 370 Or 215, 220, 518 P3d 568 (2022) (describing Oregon's Vulnerable Person Act). ORS 124.100(1)(e)(A) defines a "vulnerable person" to include an "elderly person," which is defined as a person 65 years of age or older by ORS 124.100(1)(a). Plaintiffs sought leave under ORCP 23 A to file a third amended complaint to add, among other claims, a claim of financial abuse

---

[1] Plaintiffs previously settled with codefendant Callaway Cars, Inc., who is not a party to this appeal. In addition, plaintiffs are not appealing in this action the other limited judgments entered in the underlying case.

under ORS 124.100. The proposed claim provided that, "[a]t all relevant times," Roy Gosney "was over 65 years of age." The proposed third amended complaint, however, did not address Sherri Gosney's age or otherwise allege that she was a vulnerable person under ORS 124.100(1)(e). Importantly, the proposed claim referred to "the Gosneys"—plural—throughout. Defendant filed a memorandum in opposition to plaintiffs' motion, which included a copy of the driver's licenses for both Gosneys as an exhibit to the declaration in support of its written opposition. That exhibit demonstrated that Sherri Gosney was not yet 65 years old. In denying, in part, plaintiffs' motion for leave to amend, the trial court's order explained:

> "At the time plaintiffs purchased the vehicle and warranties, and at the time plaintiffs learned that no defendant would cover their warranty claims, both plaintiffs were under age 65. The fact that they may have paid repair costs after one of them turned 65 does not turn the matter into one of financial elder abuse."

This timely appeal followed.

We review a trial court's denial of leave to amend under ORCP 23 A for an abuse of discretion. *Nationstar Mortgage, LLC v. Hinkle*, 321 Or App 300, 311, 516 P3d 718 (2022). That discretion is bounded by the text of ORCP 23 A, which provides that, after a first amendment allowed as a matter of right within a certain time period, "a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." As the Supreme Court has explained, "the gravamen of the inquiry under ORCP 23 A is prejudice to the opposing party," and the legal merit of the proposed amendment "is relevant only insofar as ORCP 23 A permits leave to be denied for futile amendments." *Eklof v. Persson*, 369 Or 531, 533, 508 P3d 468 (2022). A proposed amendment is futile if it "could not prevail on the merits due to some failing in the pleadings or some unavoidable bar or obstacle." *Id*. at 543-44.

The trial court did not reach a decision outside the permissible range of legally correct outcomes when it denied plaintiffs leave to add the proposed claim for financial

abuse because the proposed claim, which was made jointly on behalf of both Roy and Sherri Gosney, was futile. ORS 124.100(2) allows a "vulnerable person" who suffers injury, damage, or death to bring an action. When plaintiffs sought leave to amend, Sherri Gosney was younger than 65 years old and therefore did not qualify as a "vulnerable person" under the statutory framework. There was nothing in the proposed third amended complaint, which was pleaded as "the Gosneys" claim, that alleged any fact that would establish that Sherri Gosney was a vulnerable person by her age or any other fact that qualified her as a vulnerable person under ORS 124.100(1)(e). Moreover, the trial court had a copy of her driver's license, which showed that she was not 65 years old or older. *See Eklof*, 369 Or at 546 (observing that "it is well settled that, in evaluating a motion for leave to amend, a court may look beyond the face of the proposed amended pleading to the record in the case before it"). Thus, the proposed amended claim could not prevail on the merits because Sherri Gosney's age—younger than 65 years old— was an unavoidable bar to the claim of financial abuse of a vulnerable person. Indeed, plaintiffs acknowledged at oral argument before this court that Sherri Gosney did not have an elder financial abuse claim. Because ORS 124.100(2) provides a cause of action for a "vulnerable person" and because the proposed claim advanced a joint claim of financial abuse despite Sherri Gosney not qualifying as a vulnerable person, we conclude that the trial court did not abuse its discretion in denying plaintiffs' motion for leave to amend the complaint.

Affirmed.